## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
### (Topeka Docket)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MA LI VANSKIKE,<br><br>　　　　　　Defendant. | Case No. 18- 40055-DDC |

### SEALED INDICTMENT

The Grand Jury charges:

At all material times:

**INTRODUCTION**

1.　Between 2015 and continuing to on or about the return of the Indictment, the defendant, Ma Li Vanskike, operated a massage parlor that was a front for illegal prostitution operations.

2.　Beginning in 2015, and continuing to on or about the return of the Indictment, Vanskike operated ABC Massage (formerly known as Naima Therapy) in Lawrence, Kansas. The business operated mostly on a cash basis.

3.　In an attempt to conceal the illegal activity at the massage parlor, the defendant laundered over $1.13 million in cash proceeds between 2014 and 2018 at Harrah's Casino located in North Kansas City, Missouri.

1

4. A review of Kansas Department of Labor records revealed that the defendant's only wages were $819 per quarter from a business listed as "KK Spa" located in Eudora, Kansas. Records from the Kansas Department of Revenue indicated that the defendant's husband never earned wages in Kansas. According to Kansas Department of Revenue, the defendant and her husband reported adjusted gross income in 2014 of $18,226, in 2015 of $18,423, and in 2016 $19,196.

## COUNT 1
### Interstate Transportation in Aid of Racketeering Enterprises

5. Paragraphs 1 through 4 are incorporated herein by reference as though fully restated.

5. Beginning on or about October 2015, and continuing to on or about the date of the return of the Indictment, in the District of Kansas and elsewhere, the defendant,

**MA LI VANSKIKE,**

used facilities of interstate commerce, namely telephones, wires, and the internet, to facilitate the promotion, management, establishment, or carrying on of unlawful activity, that is, prostitution.

This was in violation of 18 U.S.C. §§ 1952(a)(3) and (b)(i)(1), and § 2.

## COUNT 2 - 6
### Laundering of Monetary Instruments

6. Paragraphs 1 through 5 are incorporated herein by reference as though fully restated.

7. On or about the dates set forth below, in the District of Kansas and elsewhere, the defendant,

**MA LI VANSKIKE,**

knowingly conducted and attempted to conduct financial transactions affecting interstate and foreign commerce, as set forth below, which involved the proceeds of a specified unlawful activity, that is: use of a facility of interstate commerce to promote and establish prostitution, in violation of 18 U.S.C. § 1952, knowing that the transaction was designed in whole and in part to conceal and disguise, the nature, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

| Count | Date | Transaction |
|---|---|---|
| 2 | 12/21/2014 | Redeemed chips at Harrah's Casino in the amount of $5,200. |
| 3 | 11/19/2015 | Redeemed chips at Harrah's Casino in the amount of $3,435. |
| 4 | 9/22/2016 | Redeemed chips at Harrah's Casino in the amount of $4,610. |
| 5 | 11/26/2017 | Redeemed chips at Harrah's Casino in the amount of $7,365. |
| 6 | 4/2/2018 | Redeemed chips at Harrah's Casino in the amount of $6,970. |

This was in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), and 2.

### FORFEITURE ALLEGATION I (ITAR)

8. The allegations contained in paragraphs 1 - 7 of the Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461.

9. Upon conviction of the offense identified in Count 1, the defendant,

**MA LI VANSKIKE,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to said offense, including but not limited to:

    A.    A forfeiture money judgment to be imposed against each defendant in an amount that represents the amount of proceeds personally obtained.

### FORFEITURE ALLEGATION I (Money Laundering Forfeiture)

10.    The allegations contained in paragraphs 1 – 9 of the Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1).

11.    Upon conviction of the offenses in violation of Title 18, United States Code, Section 1956, as set forth in Counts 2 – 6 of this Indictment, the defendant,

**MA LI VANSKIKE,**

shall forfeit to the United States of America any property, real or personal, involved in such offenses, or any property traceable to such property.

12.    If any of the property described above, as a result of any act or omission of the defendant:

    A. cannot be located upon the exercise of due diligence;

    B. has been transferred or sold to, or deposited with, a third party;

    C. has been placed beyond the jurisdiction of the court;

    D. has been substantially diminished in value; or

E. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL.

Dated:  May 30, 2018            s/Foreperson
                                FOREPERSON

s/ Christine E. Kenney, # 13542 for
STEPHEN R. MCALLISTER
United States Attorney
District of Kansas
500 State Ave., Suite 360
Kansas City, KS 66101
(913) 551-6730
(913) 551-6541 (fax)
stephen.mcallister@usdoj.gov
Ks. S. Ct. No. 15845

(It is requested that trial of the above captioned case be held in Topeka, Kansas.)