**United States District Court**
**District of Kansas**

**UNITED STATES OF AMERICA, Plaintiff,**

v.

**Ma Li VANSKIKE, Defendant.**

**No. 18-40055-01-HLT**

**YWCA Northeast Kansas Center for Safety and Empowerment's Motion to Quash Defendant's Rule 17(c) Subpoena and Argument in Support**

Cecilia T. Mariani, KS Bar #17234, 434 SW Topeka Boulevard, Topeka, KS  66603; Phone:  785-235-3415; Fax:  (785) 235-58089; email cecmariani1010@gmail.com, for the YWCA Northeast Kansas Center for Safety and Empowerment.

The YWCA Northeast Kansas, Center for Safety and Empowerment, Topeka, KS (hereafter, "YWCA"), a non-party to this action, moves for an Order quashing a subpoena that Defendant, Ma Li Vanskike served on the YWCA on or about March 11, 2019.   Ms. Vanskike is unable to show the requested information meets the requirements of Federal Rules of Criminal Procedure 17(c), to wit,

> "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition." *United States v. Abdush-Shakur,* 465 F.3d 458, 467 (10th Cir. 2006), using *United States v. Nixon,* 418 U.S. 683, 699-700, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974).

This Court should quash the subpoena accordingly.

UNITED STATES OF AMERICA, Plaintiff, v. Ma Li Vanskike, Defendant; D. Kan. Case No. 18-40055-01-HLT
YWCA Northeast Kansas Center for Safety and Empowerment's Motion to Quash Defendant's Rule 17(c)
Subpoena, Page 2 of 7

## BACKGROUND

The YWCA Northeast Kansas is a local association of YWCA, USA, Inc., a national non profit organization that provides services and support to women and their families. The YWCA USA's stated mission surrounds a dedication to eliminating racism, empowering women, and promoting peace, justice, freedom, and dignity for all. (YWCA Mission Vision, YWCA.org). Among its programs, the YWCA Northeast Kansas operates its Center for Safety and Empowerment, whose stated purpose is to provide, "…FREE and CONFIDENTIAL services to victims of domestic and sexual violence, stalking, and human trafficking in Shawnee, Jackson, and Wabaunsee Counties in Kansas." (emphasis contained, https://www.ywcaneks.org/what-we-do/cse/) .

On or about March 15, 2019, Michelle McCormick, Program Director for the YWCA, received the Defendant's subpoena. The subpoena commands production of:

1.  Any reports or statements made regarding Hua Yang's contact with YWCA in June of 2018; and

2.  Any records of services provided or offered to Hua Yang regarding contact with YWCA in June of 2018.

The subpoena further commanded Ms. McCormick produce the documents to the office of the Federal Public Defender's office on 3/25/19 at 5:00 p.m. (See attached Exhibit A, Subpoena to Produce Documents, 3/11/2019).

Upon receipt of the subpoena, Ms. McCormick engaged in discussions with Carl Folsom, attorney for the Defendant, in her attempt to implore Mr. Folsom and his client to find another way to obtain the information. Ms. McCormick sought to preserve the stated direct purpose of confidentiality in the services the YWCA, who

may or may not have encountered or offered services to the person named in Vanskike's subpoena. Additionally, Ms. McCormick related to Mr. Folsom her concerns that disclosing any of the information demanded would jeopardize one or more of their funding sources, as the stated requirements of many of their grant providers mandate the preservation of confidentiality in all aspects of programs and services at the Center for Safety and Empowerment. As a result of Mr. Folsom's insistence on behalf of his client, that the YWCA comply with the demands made in the subpoena, Ms. McCormick and her staff reached out to counsel who entered her appearance on the YWCA's behalf and submits this Motion and Argument.

## *ARGUMENT*

The defendant, Ms. Vanskike is treating the trial subpoena process as an opportunity to conduct private civil-litigation style discovery--a process which is prohibited by binding precedent. Vanskike has not articulated, let alone substantiated, how the items demanded clear the three hurdles of "(1) relevancy; (2) admissibility; [and] (3) specificity." *Nixon*, 418 U.S. at 699. The subpoena that Vanskike served on the YWCA exceeds the bounds of Federal Rule of Criminal Procedure 17(c). This Court should therefore issue an order to quash it.

### I. RULE 17(c) IS NOT A PRIVATE DEFENSE DISCOVERY TOOL.

Federal Rule of Criminal Procedure 17(c) permits the issuance of subpoenas duces tecum and gives the Court discretion to "direct the witness to produce the designated items in court before trial or before they are offered in evidence." However, authorization for pre-trial inspection contained in "Rule 17(c) is 'not intended to provide an additional means of discovery,' but 'to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials.'" *United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006) (quoting *Bowman Dairy*

*Co. v. United States*, 341 U.S. 214, 220 (1951)); *see also United States v. Jannuzzio*, 22 F.R.D. 223, 227 (D. Del. 1958) ("The fact that subpoenaed material may be evidentiary and subject to production at the trial . . . under a subpoena duces tecum obtained by a defendant does not mean that the defendant is entitled as a matter of right to pre-trial production and inspection under Rule 17(c)."). To that end, the Supreme Court has explained:

> ..in order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition." *Nixon*, 418 U.S. 683 at 699.

Thus, a movant "must clear three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity." *Id.* All three requirements must be satisfied to warrant issuance of the subpoena. *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002).  Vanskike fails to carry this burden. It is not clear whether the person named in the subpoena is a witness or victim, or whether Ms. McCormick of the YWCA or any of her staff are named witnesses in the case.  It is further not established as to what relevant, admissible information that may or may not be contained in the records, reports or statements sought in the subpoena and how the information may relate to the charges or allegations contained in the United States' indictment against Vanskike.

The subpoena also violates Rule 17(c) because it commands that reports, documents, statements and records be delivered directly to defense counsel, a private *ex parte* process specifically prohibited by the court, for example,

> Only with court intervention can the subpoena be utilized for production before the court at any time prior to the trial or prior to the time when the documents are to be offered in evidence. Only the court may, upon

the production of the documents, permit the documents or objects to be
inspected by the parties or their attorneys. Nowhere in Fed. R. Crim. P.
17 do we find language allowing the utilization of the court's subpoena
power privately, with a secret return directly to an attorney. *United
States v. Santiago-Lugo*, 904 F. Supp. 43, 45-46 (D.P.R. 1995).

In the event the Court elects not to quash the subpoena in its entirety, the YWCA
asks that it be modified to direct production to the Court, which can review the
information *in camera* and determine whether release to the parties and use at trial
is appropriate.  However, this should only be done after the Court has determined
that the information demanded by the defense passes all tests required under *Nixon*
and its progeny, which the moving party insists, the demand fails.

## A. PROPONENT OF A SUBPOENA MUST ESTABLISH THAT THE
## REQUESTED DOCUMENTS ARE RELEVANT AND ADMISSIBLE.

In order to demonstrate relevancy, the defendant must show "how the requested
material relate[s] to the charges against him or how the documents [will be] used in
his defense." *Abdush-Shakur*, 465 F.3d at 467. "Conclusory statements do not
establish relevance." *Id.*; *see also Nixon*, 418 U.S. at 700 (finding relevance for a Rule
17(c) subpoena for tapes based upon "the sworn testimony or statements of one or
more of the participants in the conversations as to what was said at the time").

Moreover, "[t]hat the requested material is 'potentially' relevant or admissible is not
enough, for both tests must be satisfied when the evidence is sought." *United States
v. Wittig*, 250 F.R.D. 548, 552-53 (D. Kan. 2008). Thus, there must be "a sufficient
likelihood" that each requested document "contains [information] relevant to the
offenses charged in the indictment." *Nixon*, 418 U.S. at 700.  Furthermore, evidence
admissible only for impeachment purposes cannot be obtained through a Rule 17(c)
subpoena. *See id.* at 701 ("Generally, the need for evidence to impeach witnesses is

insufficient to require its production in advance of trial."). Also, Rule 17(c) does not "allow a blind fishing expedition seeking unknown evidence." *United States v. Reed*, 726 F.2d at 576-77 (9th Cir. 2009). A "broad request" for documents "based solely on the mere hope that some exculpatory material might turn up" does not justify enforcement of a Rule 17(c) subpoena. *United States  v. Cuthbertson*, 630 F.2d 139, 146 (3d Cir. 1980), cert. denied, 449 U.S. 1126 (1981).

None of the requests contained within defendant's subpoena establish the statements or information requested are relevant to the allegations or charges brought by the United States.

## B. TRIAL SUBPOENAS MUST CONTAIN SPECIFIC REQUESTS.

Because a party cannot use Rule 17(c) as a discovery tool, demands for the equivalent of "any" or "all" documents of a particular sort, or "all documents relating or referring to" some issue or event, are improper. *See United States v. Reyes*, 239 F.R.D. 591, 605-06 (N.D. Cal. 2006); *United States v. Ruedlinger*, 172 F.R.D. 453, 456 (D. Kan. 1997); *United States v. Jackson*, 155 F.R.D. 664, 668 (D. Kan. 1994) (rejecting "any and all documents," "all related records").

The Tenth Circuit has not hesitated to enforce this principle. In *United States v. Morris*, 287 F.3d 985 (10th Cir. 2002), the defendant requested pre-trial production of "all records, documents, reports, telephone logs, etc., surrounding the investigation into the FBI undercover agent's shooting of Mr. Morris and *the agent's entire personnel file*." *Id*. at 991 (emphasis added). The district court quashed the subpoena. The Tenth Circuit affirmed: "Courts have held that requests for an entire file are evidence of an impermissible fishing expedition." *Id*. It held that "[i]t appear[ed] that defense counsel attempted to use the Rule 17(c) subpoena for impermissible discovery

purposes"; thus, the defendant's "Rule 17(c) subpoena did not overcome the hurdle of specificity as required by *Nixon*." *Id.*; *see also United States v. Marcello*, 423 F.2d 993, 1006 (5th Cir. 1970) (concluding that a Rule 17(c) subpoena seeking to compel the pre-trial production of the personnel files of the government's chief witness "was clearly [an] attempt[] to use Rule 17(c) as a discovery device, which it is not"). Vanskike's general subpoena request of "any reports or statements" and "any records" fail these requirements under Rule 17, and should be quashed by the Court.

## *CONCLUSION*

The subpoena that Vanskike, though counsel served upon the YWCA, a non party, purportedly under Federal Rule of Criminal Procedure 17(c), and requesting direct return to counsel, is an attempt to conduct the sort of private "fishing expedition" that is impermissible in a criminal case. *See Nixon*, 418 U.S. at 699. Ms. Vanskike has not offered, let alone substantiated, a theory as to how the request is "relevant[,] . . .how the information is not "otherwise procurable," and would be "admissib[le]" at trial; moreover, the request is entirely vague and unspecific. *See id.* This Court should issue an order quashing the subpoena accordingly.

Respectfully submitted,

*s/ Cecilia T. Mariani*
CECILIA T MARIANI (KS Bar #17234)
Attorney for Non-Party Movant, YWCA Northeast Kansas
    Center for Safety and Empowerment
434 SW Topeka Boulevard,  Topeka KS  66603
(785) 235-3415 (phone)  (785) 235-8089 (fax)
Cecmariani1010@gmail.com

**United States District Court**
**District of Kansas**

**UNITED STATES OF AMERICA, Plaintiff,**
v.
**Ma Li VANSKIKE, Defendant.**

**No. 18-40055-01-HLT**

**YWCA of Northeast Kansas Center for Safety and Empowerment's Motion
to Quash Defendant's Rule 17(c) Subpoena and Argument in Support**

**Exhibit A: Subpoena to Produce Documents, Information, or Objects in a
Criminal Case, 3/22/2019**

# UNITED STATES DISTRICT COURT

for the

District of Kansas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  18-40055-01-HLT |
| Ma Li Vanskike | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:   YWCA Center for Safety and Empowerment
Attn: Michelle McCormick, Program Director
225 SW 12th St, Topeka, KS 66612

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

1. Any reports or statements made regarding Hua Yang's contact with YWCA in June of 2018.
2. Any records of services provided or offered to Hua Yang regarding contact with YWCA in June of 2018.

| Place:  Federal Public Defender's Office<br>117 SW 6th Ave., Suite 200<br>Topeka, KS 66603 | Date and Time:  03/25/2019 5:00 pm |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*

Date:    03/11/2019

CLERK OF COURT

_____
s/ J. Lolley, Deputy Clerk
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*     Ma Li Vanskike
_____ , who requests this subpoena, are:

Carl Folsom, Assistant Federal Public Defender, 117 SW 6th Ave., Suite 200, Topeka, KS 66603; (785) 232-9828; carl_folsom@fd.org

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

End of Document   9