# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-40055-HLT |
| | ) | |
| MA LI VANSKIKE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER
## AND ORDER TO DEFENDANT TO SHOW CAUSE

This matter comes before the court on non-party YWCA Northeast Kansas, Center for Safety and Empowerment's ("YWCA") Motion to Quash Defendant's Rule 17(c) Subpoena (ECF No. 28). For the reasons discussed below, the court denies the YWCA's motion, but directs the YWCA to hold its compliance with the subpoena in abeyance until further court order. Meanwhile, the court will order Ms. Vanskike to show cause as to whether compliance with Rule 17(c)(3) is required and, if so, an explanation as to how she has complied, or intends to comply, with Rule 17(c)(3).

## I. BACKGROUND

Ms. Vanskike is charged with operating a massage parlor as a front for illegal prostitution activity and laundering the proceeds from that activity at Harrah's Casino in North Kansas City, Missouri. On March 8, 2019, Ms. Vanskike filed an *ex parte* motion under seal requesting that the court issue a document subpoena to the YWCA pursuant to Rules 17(b) and 17(c)(1) of the Federal Rules of Criminal Procedure. (Sealed Ex Parte Mot. (ECF No. 24).) On March 11, 2019, the presiding U.S. District Judge Holly L. Teeter granted Ms. Vanskike's motion, finding her request for the subpoena met the relevance, materiality, and specificity thresholds required

under Rule 17(c) and *United States v. Nixon*, 418 U.S. 683 (1974). (Sealed Order (ECF No. 25).)

A subpoena was issued, requiring the YWCA to produce:

> 1. Any reports or statements made regarding Hua Yang's contact with YWCA in June of 2018; and
>
> 2. Any records of services provided or offered to Hua Yang regarding her contact with YWCA in June of 2018.

The YWCA filed a motion to quash the subpoena (ECF No. 28). The YWCA argues that Ms. Vanskike has not established that her requests for records are sufficiently specific and that the records she seeks are relevant and admissible. The YWCA also raises concerns about producing the subject documents in light of the confidential nature of the services YWCA provides to victims of domestic and sexual violence, stalking, and human trafficking.

## II. SUBPOENAS IN CRIMINAL CASES

Rule 17 of the Federal Rules of Criminal Procedure governs subpoenas in criminal cases. It generally provides as follows:

> [a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

FED. R. CRIM. P. 17(c)(1). Subpoenas issued under Rule 17(c) are "not intended to provide a means of discovery for criminal cases." *Nixon*, 418 U.S. at 698. Instead, they are a tool to "to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." *Id.* at 698-99. Where a defendant is unable to pay witness fees, "[u]pon [the] defendant's ex parte application, the court must order that a subpoena be issued." FED. R. CRIM. P. 17(b); *see also United States v. Daniels*, 194 F.R.D. 699, 700 (D. Kan. 2000) (noting that a defendant may make "an ex parte application for a subpoena duces tecum seeking pretrial production of documents").

The party seeking documents "must clear three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity." *Nixon*, 418 U.S. at 700. The trial court has discretion to determine whether a party has overcome these hurdles. *United States v. Jackson*, 155 F.R.D. 664, 667 (D. Kan. 1994). The court may quash a subpoena for documents if "compliance would be unreasonable or oppressive." FED. R. CRIM. P. 17(c)(2). To determine if the burden of compliance rises to this level, courts examine whether the party seeking documents has shown:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*Nixon*, 418 U.S. at 699-700.

Requested documents cannot be "potentially" relevant or admissible. *United States v. Anderson*, 31 F. Supp. 2d 933, 944 (D. Kan. 1998). Instead, the party seeking documents must establish a "sufficient likelihood" that the requested material is "relevant to the offenses charged in the indictment," and a 'sufficient preliminary showing" that the requested material "contains evidence admissible with respect to the offenses charged." *Nixon*, 418 U.S. at 700. "Conclusory allegations of relevance and admissibility are insufficient." *Anderson*, 31 F. Supp. 2d at 944-45.

The third hurdle, specificity, is the most difficult to overcome. *United States v. Wittig*, 250 F.R.D. 548, 552 (D. Kan. 2008). "Rule 17 was not intended to provide the defendant a mechanism by which to troll the waters of the sea's otherwise undiscoverable material in the small hope that something beneficial might rise to the surface." *United States v. King*, 164 F.R.D. 542, 546 (D. Kan. 1996). Requiring that a party seeking documents establishes specificity "ensures that Rule 17(c) subpoenas are used only to secure for trial certain documents or sharply defined groups of documents." *Anderson*, 31 F. Supp. 2d at 945. A subpoena must therefore refer to specific

3

documents, and the party seeking them "must specify why the materials are wanted, what information is contained in the documents, and why those documents would be relevant and admissible at trial." *King*, 164 F.R.D. at 546.

## III. ANALYSIS

The YWCA argues Ms. Vanskike has not established that the requested documents clear the relevancy, admissibility, and specificity hurdles. However, Judge Teeter already found that Ms. Vanskike met these requirements. (Sealed Order (ECF No. 25).) It is not the undersigned's prerogative to disturb this determination by the presiding district judge. Furthermore, it appears the subpoena is appropriately specific because the documents relate to one person's contact with the YWCA in a single month of 2018. And Ms. Vanskike's *ex parte* motion requesting the subpoena (ECF No. 24) established the documents' relevance and made a sufficient preliminary showing that they contain evidence that is admissible with respect to the offenses charged. The court therefore declines to quash the subpoena on this basis. Likewise, the court declines to quash the subpoena on the grounds that compliance would be unreasonable or oppressive—the standard set forth in Rule 17(c)(2) for quashing a subpoena—because the YWCA raises no such argument.

The YWCA also resists producing the subject documents because of the confidential nature of the services the YWCA provides to victims of domestic and sexual violence, stalking, and human trafficking. (Mot. to Quash (ECF No. 28) at 2-3.) However, the YWCA does not assert any legally cognizable privilege or other legal basis. To be clear, the court recognizes the possibility that a non-party providing such services might be able to assert a legitimate legal basis to resist producing these types of documents in appropriate circumstances. But the YWCA has not articulated any such legal ground here. Instead, it merely asserts its own confidentiality policies untethered to any privilege, rule, statute, etc. that is established in the law. This is

insufficient to override Ms. Vanskike's constitutional "right to put before a jury evidence that might influence the determination of guilt." *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987). The court therefore declines to quash the subpoena to YWCA on this basis.

However, the YWCA's arguments raise a different concern, which is whether Ms. Vanskike should have sought a court order pursuant to Rule 17(c)(3) in order to ensure that Ms. Yang was given notice and an opportunity to assert her own privacy or confidentiality concerns. That Rule provides as follows:

> [a] subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

FED. R. CRIM. P. 17(c)(3). This "rule provides a protective mechanism when the defense subpoenas a third party to provide personal or confidential information about a victim." *Id.* advisory committee's note to 2008 amendment. "Third party subpoenas raise special concerns because a third party may not assert the victim's interests, and the victim may be unaware of the subpoena." *Id.*

Here, it is unclear whether Ms. Yang was a "victim" within the meaning of Rule 17(c)(3), but the YWCA's motion seems to suggest that she may have been. If so, Ms. Vanskike sought a court order for issuance of the YWCA subpoena under the wrong rule. She sought the subpoena pursuant to Rule 17(b) and 17(c)(1), not Rule 17(c)(3). If Ms. Vanskike should have moved pursuant to Rule 17(c)(3), Ms. Yang was required to have been given notice of the subpoena so that she could have moved to quash or modify it, or otherwise object. But the record does not reflect that Ms. Yang was ever given such notice and opportunity. The court will therefore direct the YWCA to hold its compliance with the subpoena in abeyance until further court order.

Meanwhile, the court will order Ms. Vanskike to show cause as to whether compliance with Rule 17(c)(3) is required and, if so, an explanation as to how she has complied, or intends to comply, with Rule 17(c)(3).

Accordingly,

**IT IS THEREFORE ORDERED** that defendant non-party YWCA Northeast Kansas, Center for Safety and Empowerment's Motion to Quash Defendant's Rule 17(c) Subpoena (ECF No. 28) is denied, but the court directs the YWCA to hold its compliance with the subpoena in abeyance until further court order.

**IT IS FURTHER ORDERED** that defendant Ma Li Vanskike show cause in writing by **May 23, 2019**, as to whether compliance with Rule 17(c)(3) is required and, if so, an explanation as to how she has complied, or intends to comply, with Rule 17(c)(3).

**IT IS SO ORDERED.**

Dated May 16, 2019, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
